FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

MAR 4 2008

JAMES N. HATTEN, Clerk
By Sewell Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ABDULLAH M. RASHEED, | :: | CIVIL ACTION NO. |
| Inmate # GDC 1080596, | :: | 1:08-CV-0622-TWT |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| ELISABETH MACNAMARA, | :: | PRISONER CIVIL RIGHTS |
| Assistant District Attorney, | :: | 42 U.S.C. § 1983 |
| JUDGE DANIEL M. COURSEY, JR., | :: | |
| Defendants. | | |

## ORDER AND OPINION

Plaintiff, a Georgia prisoner, has submitted the instant *pro se* civil rights action, pursuant to 42 U.S.C. § 1983. The matter is now before the Court for an initial screening. For the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**.

### I. Legal Framework

A.  **28 U.S.C. § 1915A Review**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks

AO 72A
(Rev.8/82)

monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

Moreover, a prisoner complaint may be dismissed as frivolous if it appears "beyond a doubt from the complaint itself" that the prisoner "can prove no set of facts [to] avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (noting that district court did not abuse its discretion in dismissing claim as

time-barred when there was no indication in record that limitations period should be tolled – during, for example, plaintiff's pursuit of administrative remedies). See also Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (stating that "[w]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915") (internal quotations omitted) (affirming 28 U.S.C. § 1915(e)(2)(B)(i) dismissal of time-barred 42 U.S.C. § 1983 complaint as frivolous).

**B.     42 U.S.C. § 1983 Cause of Action**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

3

## II. Plaintiff's Allegations

Plaintiff sues herein the Assistant District Attorney who tried him and the DeKalb County Superior Court Judge who presided over his criminal trial. This Court takes judicial notice that Plaintiff's DeKalb County trial took place in March 2001 and that his convictions and sentences were affirmed on appeal in April 2002. Previously, Plaintiff challenged those convictions and sentences in a habeas corpus petition filed herein, which this Court denied. The Eleventh Circuit Court of Appeals affirmed that denial. See Rasheed v. Smith, 1:05-CV-0629 (N.D. Ga. July 12, 2006), aff'd, 06-14108 (11th Cir. Apr. 17, 2007). The claims that Plaintiff raises herein are claims that he raised, and this Court denied, in his habeas petition. Plaintiff now alleges that the two named Defendants in this action conspired to deprive him of his state and federal constitutional rights. (Compl. [1] Attach. at 4-22.) By way of relief, Plaintiff seeks a series of pronouncements regarding the Defendants' alleged wrongdoing, as well as more than three million dollars in damages. (Id. at 23-27.)

## III. Discussion

To the extent that Plaintiff seeks an order reducing his current term of imprisonment, he may do so only via a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is

4

AO 72A
(Rev.8/82)

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). However, because this Court previously denied Plaintiff habeas relief with respect to his 2001 convictions, he may proceed on a second or successive habeas petition with respect to those convictions only after obtaining leave from the Eleventh Circuit, which Plaintiff has not done. See 28 U.S.C. § 2244(b)(3)(A). Accordingly, the instant complaint will not be construed as a habeas corpus petition, and the equitable relief that Plaintiff seeks herein, namely, a declaration that he was wrongly convicted, is not available to him in this civil rights action.

Moreover, Defendants are absolutely immune from Plaintiff's claims for relief. Unless a judge has acted "in the clear absence of all jurisdiction," he is absolutely immune from damage claims in a § 1983 action. See Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations omitted). Furthermore, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The Eleventh Circuit has concluded that the above language allows only declaratory relief against judicial

officers, to which a plaintiff is not entitled if "there is an adequate remedy at law." See Bolin, 225 F.3d at 1242-43 (affirming dismissal of plaintiffs' claims for declaratory or injunctive relief because plaintiffs had adequate remedy at law, namely, right to "appeal any rulings, or actions taken, in their criminal cases" or to "seek an extraordinary writ such as a writ of mandamus"). "Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the [state's] case." Id. at 1242. Furthermore, when a § 1983 plaintiff has an adequate remedy at law, he is not entitled to equitable relief against a prosecutor. Id. at 1242-43. Here, Plaintiff had such a remedy, and he pursued it, albeit unsuccessfully. Therefore, both Defendants are entitled to absolute immunity from Plaintiff's claims.

Finally, because Defendants' alleged violations occurred no later than 2002, Plaintiff's claims against them are barred by the two-year statute of limitations that applies to this action, which Plaintiff submitted on February 19, 2008. See Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000) (noting two-year limitations period for "section 1983 claim arising out of events occurring in Georgia"); Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (stating that § 1983 claim accrues, and statute of limitations begins to run, when "facts which would support a cause of

action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"); Ashcroft v. Randel, 391 F. Supp. 2d 1214, 1219 (N.D. Ga. 2005) (Story, J.) (noting that federal "discovery rule" governing accrual of federal civil rights action provides that "a claim accrues when the injured party knew or should have known both (1) that he has suffered the injury that forms the basis of his complaint and (2) who inflicted that injury").

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this _3_ day of _March_, 2008.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)